ORDERED.

**Dated: August 29, 2026**

Luis E. Rivera II
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In Re:

Vernon Ballard Parsons III,

Debtor.
________________________________/

Case No. 2:25-bk-02246-FMR
Chapter 13

Vernon Ballard Parsons III,

Plaintiff,

vs.

Adv. No. 2:25-ap-00078-FMR

Marife Joyno Changco, and
Holly Beth Chernoff,

Defendant.
________________________________/

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT AND REQUEST FOR JUDICIAL NOTICE**

THIS MATTER came on for hearing on August 27, 2026, upon *Defendant,*

*Holly Beth Chernoff's Motion To Dismiss Plaintiff's Second Amended Adversary Complaint And Request For Judicial Notice*[1] ("**Motion to Dismiss**"). Defendant, Holly Beth Chernoff ("**Ms. Chernoff**"), principally argues dismissal is required under the doctrine of quasi-judicial immunity.[2] Plaintiff, Vernon Ballard Parsons III ("**Plaintiff**"), opposes the Motion to Dismiss.[3] For the following reasons, the Court will grant in part and deny in part the Motion to Dismiss.[4]

The Court will deny the Motion to Dismiss to the extent Count I and II of the Second Amended Complaint seeks turnover of the $2,751.61 allegedly remaining in Ms. Chernoff's trust account. To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim for relief. A claim is facially plausible when its factual content permits a reasonable inference that the defendant is liable for the alleged misconduct.[5] In applying that standard, the Court accepts well-pleaded factual allegations as true and construes

[1] Doc. No. 45.
[2] *See generally* Doc. No. 45.
[3] *See generally Plaintiff's Response in Opposition to Defendant Chernoff's Motion to Dismiss Second Amended Adversary Complaint* (Doc. No. 56), and *Plaintiff's Supplemental Memorandum of Law Regarding Turnover and Surcharge under 11 U.S.C. § 543* (Doc. No. 58).
[4] As a preliminary matter, the Court grants Ms. Chernoff's request under Federal Rule of Evidence 201 to take judicial notice of the state- and federal-court orders attached to her motion as Exhibits A through D. Those orders are public court records whose accuracy cannot reasonably be questioned. The Court may therefore take judicial notice of them at the pleading stage. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (quoted in *Parsons v. Hall*, No. 2:25-CV-1187-KCD-KRH, 2026 WL 1784773, at *1 n.3 (M.D. Fla. June 22, 2026)).
[5] *Parsons*, 2026 WL 1784773, at *2 (quoting *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023)).

them in Plaintiff's favor.[6]

Here, Plaintiff has alleged sufficient facts to state a plausible claim that the $2,751.61 remaining in trust with Ms. Chernoff is property of the bankruptcy estate and is subject to turnover under 11 U.S.C. § 542(a), § 543, or both. At this stage, the Court need not conclusively determine whether Ms. Chernoff qualifies as a "custodian" within the meaning of the Bankruptcy Code.[7] Even assuming she does not, the Second Amended Complaint plausibly alleges that she possesses estate property subject to turnover under § 542(a). The Motion to Dismiss is therefore denied as to Counts I and II to the extent they seek turnover of the remaining trust funds.

The Court reaches a different conclusion as to Plaintiff's allegations that Ms. Chernoff exceeded her authority by retaining or "pocketing" insurance proceeds, interfering with Plaintiff's mortgage account, or taking Plaintiff's personal property. Those allegations arise from the same operative conduct resolved in *Parsons*.[8] In that action, the United States District Court for the Middle District of Florida dismissed Plaintiff's claims against Ms. Chernoff with prejudice based on absolute quasi-judicial immunity.[9] The District Court addressed Ms. Chernoff's court-authorized communications with the mortgage lender, her collection and

---

[6] *Id.* (citing *Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)).
[7] 11 U.S.C. §§ 101 - 1532 ("**Bankruptcy Code**"). Unless otherwise indicated, all statutory references are to the Bankruptcy Code.
[8] 2026 WL 1784773.
[9] *Parsons*, 2026 WL 1784773, at *2.

administration of insurance proceeds and rents, and her implementation of the state court's orders concerning the marital duplex.[10]

Plaintiff is collaterally estopped from relitigating Ms. Chernoff's entitlement to quasi-judicial immunity for that conduct. The doctrine of collateral estoppel applies when:

> (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.[11]

Here, the immunity issue is identical to the one presented here; it was actually litigated and necessarily determined in the prior federal action; and Plaintiff had a full and fair opportunity to litigate it. The pendency of Plaintiff's appeal does not alter the preclusive effect of that final judgment unless and until it is reversed.[12]

Thus, the Court will grant the Motion to Dismiss as to the claims—however styled—predicated on Ms. Chernoff's allegedly unauthorized retention of insurance proceeds, interference with Plaintiff's mortgage account, or taking of Plaintiff's personal property. Because absolute quasi-judicial immunity and issue preclusion bar those claims on the face of the pleadings, further amendment would be futile

---

[10] *Id.*
[11] *Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000) (quoting *Pleming v. Universal–Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir.1998)).
[12] *See Jaffree v. Wallace*, 837 F.2d 1461, 1466–67 (11th Cir. 1988) ("[A] final judgment retains all of its res judicata consequences pending decision of the appeal.").

and the dismissal will be with prejudice.[13]

For these reasons, the Court will grant in part and deny in part the Motion to Dismiss.

Accordingly, it is

**ORDERED** that

1. The Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

2. The Motion to Dismiss is denied as to Counts I and II to the extent Plaintiff seeks turnover of the $2,751.61 allegedly held in Ms. Chernoff's trust account.

3. The Motion to Dismiss is granted as to the claims—however styled—predicated on Ms. Chernoff's allegedly unauthorized retention of insurance proceeds, interference with Plaintiff's mortgage account, or taking of Plaintiff's personal property. Those claims are dismissed with prejudice.

4. Ms. Chernoff shall file an answer to the remaining portions of Counts I and II within fourteen (14) days after entry of this Order.

The Clerk's office is directed to serve a copy of this order on interested parties.

---

[13] *See Parsons*, 2026 WL 1784773, at *3 ("When a defense as formidable as quasi-judicial immunity applies on the face of the pleadings, allowing leave to amend would be an exercise in futility").